———————o———————

No. 3938.

(Court of Appeal, Parish of Orleans.)

ALBERT LE MORE vs| FRANK ROUSEO.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "D."

Theo. Roehl, Plaintiff and Appellant.

B. R. Forman, Defendant and Appellee.

DUFOUR, J. This cause comes before us with the following opinion of the District Judge:

Plaintiff bought from the defendant a mare for the sum of one hundred and twenty dollars.

He alleges in his petition that at the time of the sale the mare was suffering from a disease of the eye, which was known to both parties, and that they entered into the following stipulation and agreement.

New Orleans, June 29th, 1905.

Received from Mr. A. LeMore the sum of $120.00 for one black mare. It is understood and agreed by me that I will pay back to Mr. LeMore the above amount in case the eyes

of said mare is not better inside of ten days, me paying also the railroad expenses for shipping the horse back. It is also agreed that I am willing to take the horse back for eighty-five dollars, ($85.00), in case you want to sell it in September next, of course, the mare is to be kept well fed and in good condition.

(Signed)  FRANK ROŪSEO.

Defendant answered, admitting his signature to the contract of sale, denied all other allegations in the petition, and plead the prescription of two months.

The action is brought under article 2521 of the Civil Code which reads: "Apparent defects, that is, such as the buyer might have discovered by a simple inspection, are not among the number of redhibitory vices, "Plaintiff rests his claim upon the contract hereinabove quoted, and asks for judgment on the ground that the mare died of sore eyes. Plaintiff has failed to convince the Court that the mare died of sore eyes. The testimony offered on behalf of the plaintiff is very uncertain as to what caused the death. It is shown by his witnesses that the mare was very sick, and that the rear extremities were very much affected.

The evidence of the defendant, through Dr. Joseph S. McClure, is to the effect that sore eyes will not kill an animal.

The evidence of other witnesses goes to show that the mare was sick at the time of the sale; but it is impossible for the Court to say whether the disease was influenza or "shipping fever."

The Court is of opinion that the mare died of some defect or vice unknown to the buyer at the time of the purchase.

The action is that which is known as the redhibitroy action in our Code, which is prescribed by two months, under Art. 2535; C. C. The sale took place June 29th, 1905, and suit was instituted October 23rd, 1905, more than two months after the said sale.

The plea of prescription is sustained, and plaintiff's suit is dismissed at his costs."

The correctness of this conclusion is assailed on the grounds that the suit is not redhibitory but based on the contract of

sale, that the eyes got worse within ten days, that the mare was tendered to the defendant who refused to accept her and therefore, when she died in plaintiff's possession, she was constructively in defendant's possession. A view of the case from that standpoint does not improve the plaintiff's position.

That horses do not die of sore eyes is conclusively shown. The contract is dated June 29th, the ten days therein mentioned expired with July 9th, and no demand to take back the mare and return the price was made on defendant until July 12th.

His refusal to acquiese was based on the fact that he was informed that the mare was sick "in other respects," and could not stand or move. The animal died on July 16th. It follows from that, that if plaintiff's contention be correct this disease could not have existed or been apparent before the sale; else the action would clearly be rebhibitory. And the logical inference is that the disease which caused the death must have been contracted during plaintiff's possession.

No testimony is offered by him to show what caused the death of the animal, and the veterinary who attended it at Bay St. Louis has not been offered as a witness. The burden of proof was on the plaintiff, to show that the death was not caused through his neglect, and he has not borne it.

According to the contract sued on, the animal was at the time of sale in good condition, except in respect to its eyes; the defendant could not be compelled to accept its return when it was in bad condition in other respects.

The loss must fall on the plaintiff, whether the action be considered as a redhibitory one, or merely one on the contract.

Judgment affirmed.